NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0378n.06

No. 24-5711

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

FILED
Jul 29, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY FOWLER,

Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

OPINION

Before: BATCHELDER, CLAY, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. Jerry Fowler pleaded guilty to being a felon in possession of a firearm. At his plea hearing, the district court failed to advise him of his forfeiture obligations. The district court later sentenced Fowler at the bottom of the advisory range and included forfeiture as part of his sentence. Fowler now challenges the voluntariness of his plea and his sentence's substantive reasonableness. We affirm.

**BACKGROUND**

On March 25, 2022, officers from the Metropolitan Nashville Police Department responded to reports of gunfire at an apartment building. Security footage from the area revealed that two individuals had fired into the residence from the street. While on the scene, police encountered Jerry Fowler, whose attire matched one of the shooters from the security footage. About two weeks later, police arrested Fowler in front of his home. They subsequently discovered firearms and ammunition in Fowler's home and vehicle.

Fowler was charged with two counts of illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. He pleaded guilty to both counts without a plea agreement. At his plea hearing, the district court confirmed that Fowler had read and understood the indictment, which included a forfeiture allegation. But when the court asked if the government intended to seek "any forfeiture," the government said "[n]o." Plea Hr'g, R. 84, PageID 390. The district court thus accepted Fowler's plea without advising him of any forfeiture obligations. Nearly a year later, the government moved for the preliminary forfeiture of Fowler's guns and ammunition. Shortly after, the district court issued a preliminary order of forfeiture. Later at sentencing, the district court twice said that it would finalize the preliminary forfeiture order as part of its judgment. Both times, it immediately asked Fowler if he had any objections. Fowler did not object to forfeiture in either instance.

At sentencing, the district court calculated Fowler's Guidelines range as 70–87 months' imprisonment. Fowler sought a downward variance based in part on his age, which was 20 at the time of his offense. The district court sentenced Fowler to 70 months' imprisonment, at the bottom of his Guidelines range. Fowler now appeals.

**ANALYSIS**

Fowler makes two arguments on appeal: that his guilty plea was not knowing and voluntary, and that his sentence is substantively unreasonable. We address each in turn.

I.     **Voluntariness of Guilty Plea**

Fowler argues that his plea was not knowing and voluntary because the district court failed to advise him of his forfeiture obligations. Fowler did not raise this challenge below, so we review it for plain error. *See United States v. Vonn*, 535 U.S. 55, 73–74 (2002). That means Fowler must show (1) an error, (2) that was "clear or obvious," and (3) that "affected [his] substantial rights."

*Puckett v. United States*, 556 U.S. 129, 135 (2009). If these requirements are met, then we can grant relief, but only if we conclude that the error seriously affected the "fairness, integrity or public reputation of judicial proceedings." *Id.* (citation omitted).

Fowler has met the first two elements. Under Federal Rule of Criminal Procedure 11, the district court had to advise Fowler of "any applicable forfeiture" before accepting his guilty plea. Fed. R. Crim. P. 11(b)(1)(j). Its failure to do so is a clear and obvious error. *United States v. Ataya*, 884 F.3d 318, 326 n.6 (6th Cir. 2018).

Even so, Fowler's challenge fails at the third prong—whether the district court's error affected his substantial rights. To satisfy this element, Fowler must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Yet Fowler does not even claim (much less show) that absent error, he would have probably gone to trial. *See United States v. Taylor*, 627 F.3d 1012, 1018–19 (6th Cir. 2010). At most, he says "[t]here is nothing in the record to suggest" otherwise. Appellant Br. at 20. But that argument ignores that the burden of persuasion rests with Fowler. *Dominguez Benitez*, 542 U.S. at 81–82; *United States v. Olano*, 507 U.S. 725, 734 (1993). It also overlooks that the record on this issue is not entirely silent. Fowler's indictment included a forfeiture allegation. Fowler represented that his attorney had explained the indictment to him and that he understood it, and yet he pursued a guilty plea without an agreement. Then, at sentencing, the district court asked Fowler if he had any objections immediately after it imposed forfeiture. Fowler did not object. And he does not assert that he would likely try his case if we remanded today. *See Taylor*, 627 F.3d at 1019. In short, Fowler has failed to demonstrate that the district court's error affected his substantial rights. His challenge to the validity of his plea therefore fails.

## II. Substantive Reasonableness

Fowler also challenges the substantive reasonableness of his sentence. In doing so, he essentially claims that his sentence is "too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). We review such a claim for abuse of discretion. *See id.* Because Fowler's sentence falls within his Guidelines range, we presume that it is substantively reasonable. *United States v. Fields*, 763 F.3d 443, 455 (6th Cir. 2014). Fowler, however, can rebut that presumption if the district court improperly weighed the sentencing factors laid out in 18 U.S.C. § 3553(a). *United States v. Gardner*, 32 F.4th 504, 530 (6th Cir. 2022). He tries to do so by arguing that the district court gave insufficient weight to his history and characteristics, in particular his young age.

We detect no abuse of discretion in the district court's decision. At sentencing, the district court walked through the § 3553(a) factors and applied them to the Fowler's offenses. The district court considered Fowler's conduct "extremely serious" because it involved not only possession but also public discharge of a firearm. Sent'g Tr., R. 82, PageID 338. It then considered Fowler's history and determined that a short sentence would not send a sufficiently "deterrent message." *Id.* at PageID 342. The district court observed that Fowler had reoffended after completing a substantial jail sentence. And while it acknowledged that Fowler's criminal history reflected juvenile adjudications, it noted that some of those adjudications involved illegal handgun possession, which suggested a pattern of similar behavior. The district court also considered Fowler's young age and treated it as a "mitigating factor." *Id.* at PageID 340. It explained that, had Fowler been older at the time of his offense, he would have received a "longer sentence." *Id.* Weighing all these factors against each other, the district court sentenced Fowler to the minimum Guidelines term. Fowler asks us to "balance the factors differently," but our deferential review bars us from doing so. *Gardner*, 32 F.4th at 532 (citation and emphasis omitted).

## CONCLUSION

We affirm the district court's judgment.